Bosco A. Kante, Pro Se
2281069 Metavante Way
Sioux Falls, SD 57186
323-481-7372 (Phone)
323-417-4874 (FAX)
boscokante@gmail.com

Plaintiff

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB - 9 2011

JAMES N. HATTEN, CLERK
BY: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| Bosco A. Kante, Pro Se, <br><br> Plaintiff, <br><br> McCurdy & Candler L.L.C., U.S. Bank National Association as Trustee for the Certificateholders of Banc of America Funding Trust 2007-6, Mortgage Electronic Registration Systems Inc., and Bank of America Home Loans Servicing, L.P. *formerly known as Countrywide Home Loans Servicing, L.P.* <br><br> Defendants | Case No.01:10-cv-1972-JEC <br><br><br> [NEW] FIRST AMENDED COMPLAINT <br> DEMAND FOR JURY TRIAL |

## A. Jurisdiction

1. Plaintiff Bosco Kante is the owner of the property at 1861 Defoor Ave NW, Atlanta, GA 30318 (hereinafter referred to as "Property").

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

Page 1 of 37

2.1 Defendant McCurdy & Candler L.L.C. is a law firm that represents U.S. Bank National Association as Trustee for the Certificateholders of Banc of America Funding Trust 2007-6 (hereinafter "McCurdy")

2.2 Defendant McCurdy & Candler L.L.C. is a law firm that represents MERS and purports to be a "debt collector" pursuant to Fair Debt Collection Practices Act (FDCP).

2.3 intentionally deleted

2.4 Defendant Mortgage Electronic Registration System Inc. ("MERS") is a Delaware corporation.

2.5 Defendant U.S. Bank National Association as Trustee for the Certificateholders of Banc of America Funding Trust 2007-6 (hereinafter "US Bank") is a National Bank.

2.6 Defendant Bank of America Home Loans Servicing, L.P. *formerly known as* Countrywide Home Loans Servicing, L.P. (hereinafter "Countrywide") is an entity that lists its principal place of business as 7105 Corporate Drive, Plano, TX 75024, with the Georgia Secretary of State. Countrywide changed its name to Bank of America Home Loans Servicing, L.P. on April 27th, 2009 in an effort to distance itself from the well deserved negative public image it acquired based upon illegal activities including mortgage fraud, discriminatory lending practices, improper foreclosures, improper assessment of fees, and unfair and deceptive practices in multiple states. Countrywide alleges itself to be a "Servicer" of an alleged "mortgage" on Property.

[New] First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

Page 2 of 37

2.7 Defendant McCurdy & Candler L.L.C. is a law firm that represents Defendant Countrywide.

2.8 Jessica Price is an attorney listed on http://www.mccurdyandcandler.com/contacts/attorneys as employed by Defendant McCurdy & Candler, LLC who also alleges to be Vice President of Defendant Mortgage Electronic Registration Systems, Inc.

2.8 J. Michael Dugan is an attorney listed on http://www.mccurdyandcandler.com/contacts/attorneys as a partner employed by Defendant McCurdy & Candler, LLC who also alleges to be Vice President of Defendant Mortgage Electronic Registration Systems, Inc.

3. Jurisdiction of the subject matter in this Court is proper pursuant to 28 U.S.C. sec. 1331, as Plaintiff seeks relief under multiple Federal Statutes.

4. Jurisdiction of the Federal claims is proper in this Court pursuant to 15 U.S.C. sec. 1601 et. Seq. and 15 U.S.C. sec. 1640(e).

5. Jurisdiction over the state-law claims is proper under the doctrine of Supplemental or Pendent Jurisdiction pursuant to 28 U.S.C. sec. 1367(a).

6. The cause of action herein arose in Fulton County, Georgia by virtue of a July 3rd, 2009 "Notice of Foreclosure Sale Letter" to Plaintiff and a "Notice of Foreclosure" posted on the website of the Fulton County Daily Report discovered by Plaintiff on June 14th, 2010 which concerned the Plaintiff's property which is located at 1861 Defoor Ave, Atlanta, GA 30318 which is located within Fulton County which is within this Judicial District.

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

7. Venue of this action is proper within this Court as pursuant to 28 U.S.C. 1391 as a substantial part of the property that is the subject of this action is located within this Judicial District.

**B.  Claim One: Wrongful Foreclosure: Defendants McCurdy and US Bank**

8. Georgia Code States as follows:

> To amend Article 7 of Chapter 14 of Title 44 of the Official Code of Georgia Annotated, relating to foreclosure on mortgages, conveyances to secure debt, and liens, so as to require a foreclosure to be conducted by the current owner or holder of the mortgage, as reflected by public records; to provide for the identity of the secured creditor to be included in the advertisement and in court records; to change the requirement for mailing or delivery of notice to debtor for sales made under the power of sale in a mortgage, security deed, or other lien contract; to provide for the content of such notice; to provide for related matters; to provide an effective date; to repeal conflicting laws; and for other purposes.

> BE IT ENACTED BY THE GENERAL ASSEMBLY OF GEORGIA:

> SECTION 1.
> Article 7 of Chapter 14 of Title 44 of the Official Code of Georgia Annotated, relating to foreclosure on mortgages, conveyances to secure debt, and liens, is amended by revising Code Section 44-14-162, relating to manner of advertisement and conduct necessary for validity for sales made on foreclosures under power of sale, as follows:
> "44-14-162.

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

(a) No sale of real estate under powers contained in mortgages, deeds, or other lien contracts shall be valid unless the sale shall be advertised and conducted at the time and place and in the usual manner of the sheriff's sales in the county in which such real estate or a part thereof is located and unless notice of the sale shall have been given as required by Code Section 44-14-162.2. If the advertisement contains the street address, city, and ZIP Code of the property, such information shall be clearly set out in bold type. In addition to any other matter required to be included in the advertisement of the sale, if the property encumbered by the mortgage, security deed, or lien contract has been transferred or conveyed by the original debtor to a new owner and an assumption by the new owner of the debt secured by said mortgage, security deed, or lien contract has been approved in writing by the secured creditor, then the advertisement should also include a recital of the fact of such transfer or conveyance and the name of the new owner, as long as information regarding any such assumption is readily discernable by the foreclosing creditor. Failure to include such a recital in the advertisement, however, shall not invalidate an otherwise valid foreclosure sale.

(b) The security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located."

SECTION 2.

Said article is further amended by revising Code Section 44-14-162.2, relating to sales made under the power of sale, mailing or delivery of notice to debtor, and procedure, as follows:

"44-14-162.2.

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

(a) Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor. The notice required by this Code section shall be deemed given on the official postmark day or day on which it is received for delivery by a commercial delivery firm. Nothing in this subsection shall be construed to require a secured creditor to negotiate, amend, or modify the terms of a mortgage instrument.

(b) The notice required by subsection (a) of this Code section shall be given by mailing or delivering to the debtor a copy of the notice of sale to be submitted to the publisher."

9. On June 14th, 2010 Plaintiff discovered a webpage on the website of the Fulton County Daily Report (dailyreportonline.com) showing Defendant McCurdy acting as counsel for Defendant U.S. Bank had submitted a notice stating its intent to foreclose on Plaintiff's Property with foreclosure sale to be held on the first Tuesday of July 2010 (July 6th, 2010).

10.This foreclosure by Defendant McCurdy and Defendant U.S. Bank is in violation of Article 7 of Chapter 14 of Title 44 of the Official Code of Georgia Annotated above constituting Wrongful Foreclosure and must be stopped by the Court.

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

11. The Code states foreclosure is to be conducted by the current owner or holder of the mortgage, as reflected by public records. Plaintiff conducted a search of the public records June 16th, 2010 and found there were no records indicating Defendant McCurdy or Defendant U.S. Bank were the current owner or holder of a mortgage on Property.

12. Notice was not properly given to Plaintiff by secured creditor as required by OCGA 44-14-162.2.

13. Neither Defendant Defendant McCurdy nor Defendant U.S. Bank are secured creditors of Plaintiff or Property thus under no circumstances would any Notice by them satisfy the Notice requirements of OCGA 44-14-162.2.

14. Defendant U.S.Bank claims it is acting as a Trustee for the Certificateholders of Banc of America Funding Trust 2007-6.  As a Trustee US Bank cannot be a secured creditor, as they are acting on behalf of the investment trust.

15.  Also, "The trustee can properly exercise such powers and only such powers as (a) are conferred upon him in specific words by the terms of the trust, or (b) are necessary or appropriate to carry out the purposes of the trust and are not forbidden by the terms of the trust." *Restatement (Second) of Trusts* Sec. 186 (1959).

16. In the majority of Mortgage Backed Securitized Trusts, as in the case at present, the applicable Trust documents are public record and filed and recorded online at www.sec.gov. The applicable Pooling and Servicing Agreement which governs Defendant U.S. Bank's conduct and outlines their specific powers conferred upon them in the administration of Banc of America Funding Trust

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

Page 7 of 37

2007-6 is a 300 page document available online at

http://www.sec.gov/Archives/edgar/data/934377/000137943407000138/00013794

34-07-000138.txt

16.1 The prospectus of Banc of America Funding Trust 2007-6 explains that the powers of the Trustee Defendant US Bank are limited by the PSA as follows:

> "The Issuing Entity will be administered by the Trustee pursuant to the
> terms of the Pooling and Servicing Agreement as described under "The
> Pooling and Servicing Agreement and the Servicing Agreements" in this
> prospectus supplement. The Trustee, on behalf of the Issuing Entity, is,
> prior to an event of default under the Pooling and Servicing Agreement,
> only permitted to take the actions specifically provided in the Pooling and
> Servicing Agreement" [Prospectus, page S-39]

Defendants admitted in Document 55 of Case 01:09-cv-01233-JEC and via submission of the alleged "Assignment of Note and Security Deed" the Defendant U.S. Bank was not a creditor to Plaintiff prior to the alleged "Assigment of Note and Security Deed" on June 28th, 2010.

16.2 In addition, the purpose behind the creation of Banc of America Funding Trust 2007-6 appears to be to create a steady stream of payments by replacing non-performing mortgage loans with performing mortgage loans. Therefore, Defendant US Bank as Trustee cannot by definition purchase a loan that it alleges to be in default under the terms of the PSA. Such a purchase would constitute a serious breach of trust and a breach of fiduciary duty to the Certificateholders of Banc of America Funding Trust 2007-6.

[New] First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

16.3 Section S-47 of the applicable Pooling and Servicing Agreements states:

Assignment of Mortgage Loans

In connection with the transfer and assignment of the Mortgage Loans to the Trustee, the Depositor will deliver or cause to be delivered to the Trustee, or a custodian for the Trustee, among other things, with respect to each Mortgage Loan (collectively, the "Mortgage File"):

- **the original Mortgage Note endorsed without recourse in blank or to the order of the Trustee (or its nominee)** or a certificate signed by an officer of the Depositor certifying that the related original Mortgage Note has been lost;

S-47

<PAGE>
- the original or a certified copy of the Mortgage with evidence of recording indicated thereon (except for any Mortgage not returned from the public recording office, which will be delivered to the Trustee or a custodian of the Trustee as soon as the same is available to the Depositor);

- except as described below, an assignment in recordable form of the Mortgage (or a copy, if such assignment has been submitted for recording); and

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

- if applicable, any riders or modifications to such Mortgage Note and Mortgage.

Assignments of the Mortgage Loans to the Trustee (or its nominee) will not be recorded except in states where recordation is required by the rating agencies to obtain the initial ratings of the Certificates set forth in the table on page S-6 in this prospectus supplement. In addition to the foregoing, assignments of the Mortgage Loans will not be recorded (i) in states where, in the opinion of counsel acceptable to the Trustee, such recording is not required to protect the Trustee's interests in the Mortgage Loan against the claim of any subsequent transferee or any successor to or creditor of the Depositor, the Sponsor or the originator of such Mortgage Loan, or (ii) with respect to any Mortgage which has been recorded in the name of Mortgage Electronic Registration Systems, Inc. ("MERS") or its designee. **With respect to any Mortgage that has been recorded in the name of MERS or its designee, no mortgage assignment in favor of the Trustee will be required to be prepared or delivered**. Instead, each Servicer will be required to take all actions as are necessary to cause the Issuing Entity to be shown as the owner of the related Mortgage Loan on the records of MERS for purposes of the system of recording transfers of beneficial ownership of mortgages maintained by MERS. The Trustee, or a custodian on behalf of the Trustee, will promptly review each Mortgage File after the Closing Date (or promptly after the receipt by the Trustee, or a custodian on behalf of the Trustee, of any document permitted to be delivered after the Closing Date) to determine if any of the foregoing documents is missing. **If any portion of the Mortgage File is not delivered to the Trustee, or a custodian on behalf of the Trustee, and the Depositor does not cure such omission or defect within 90 days,**

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

Page **10** of **37**

**the Depositor will be required to repurchase the related Mortgage Loan** (or any property acquired in respect thereof) at the Purchase Price described below to the extent such omission or defect materially and adversely affects the value of such Mortgage Loan.

17. Thus, per the excerpt of the Pooling and Servicing Agreement("PSA") [emphasis added], in order to be the creditor, Defendant U.S. Bank needed to have been listed on the original note, something Plaintiff found no evidence of in his search of the county records.  Further, if the note was originally recorded in the name of MERS, the PSA states it should not be transferred, meaning that it could not have been transferred to Defendant US Bank from MERS and accordingly Defendant U.S. Bank cannot foreclose.   Finally, in all other cases the Depositor (The Depositor per the PSA is not Defendant U.S. Bank) must repurchase the loan in which case again Defendant U.S. Bank is still not the creditor and cannot foreclose.  In conclusion, under no circumstances may Defendant U.S. Bank foreclose.

18.1  Defendants US Bank and McCurdy owed Plaintiff a duty in acting as Plaintiff's attorney-in-fact as stated in the Notice of Foreclosure published on dailyreportonline.com.

18.2. Defendants US Bank and McCurdy owed Plaintiff a duty in acting as alleged mortgagee pursuant to OCGA 23-2-114 which states, "Powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised."

18.3 Defendants US Bank and McCurdy breached their duty to Plaintiff by intentionally failing to list an entity with whom Plaintiff could negotiate with as

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

Page **11** of **37**

required by OCGA 44-14-162.2. Thus Defendants sought to prevent any negotiation or modification and preserve their own maximum financial benefit with a predetermined outcome of foreclosure.

18.4 Defendants US Bank and McCurdy breached their duty to Plaintiff by attempting to foreclose prior to receiving any assignment of security deed or note. Defendants US Bank and McCurdy breached their duty to Plaintiff by attempting to foreclose while at all times aware that the terms of the PSA forbade the Defendant from accepting any assignment of security deed or note.  Thus Defendants knew they lacked the legal right to foreclose.

18.5.  Plaintiff has suffered and continues to suffer irreparable harm including but not limited to emotional distress from the ordeal of the attempted foreclosure and eviction.  Plaintiff has been unable to work as a result and has suffered loss of income.  Plaintiff's personal and professional relationships and reputation have been irreparably harmed. Plaintiff has been forced to file this action and to bear all of its expense, both financial and psychological, to protect his rights.

19.Plaintiff seeks as relief

(a) actual damages in an amount to be determined at trial, including attorneys' fees,

(b) **a temporary restraining order, preliminary injunction, and permanent injunction enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them from further prosecution of non-judicial foreclosure or judicial foreclosure on Property.**

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

(c) that the foreclosure which was instituted be deemed and declared illegal and void and that further proceedings in connection with the foreclosure be enjoined; Plaintiff seeks the awarding of exemplary and punitive damages; and for any other and further relief which is just and proper.

20. intentionally deleted

**Claim Two: Wrongful Foreclosure: Failure to comply with 12 U.S.C. 1701x(c)(5) : Defendants McCurdy, US Bank, and Countrywide**

21. intentionally deleted

22.   Defendant McCurdy, Defendant U.S. Bank, and Defendant Countrywide failed to comply with the foreclosure prevention loan servicing requirement imposed on Plaintiff pursuant to the National Housing Act, 12 U.S.C. 1701x(c)(5) which requires all private lenders servicing non-federally insured home loans, including the Defendants, to advise borrowers, including this Plaintiff, of any home ownership counseling Plaintiff offers together with information about counseling offered by the U.S. Department of Housing and Urban Development. The U.S. Department of Housing and Urban Development has determined that 12 U.S.C. 1701x(c)(5) creates an affirmative legal duty on the part of the Defendants. Defendants' non-compliance with the law's requirements is an actionable event that makes the filing of this foreclosure premature based on a failure of a statutory condition precedent to foreclosure which denies Defendants ability to carry out this foreclosure.  Defendants cannot legally pursue foreclosure unless and until Defendants demonstrate compliance with 12 U.S.C. 1701x(c)(5).

23. Plaintiff seeks as relief

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

Page 13 of 37

(a) Actual damages in an amount to be determined at trial, including attorneys' fees,

(b) **A temporary restraining order, preliminary injunction, and permanent injunction enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them from further prosecution of non-judicial foreclosure or judicial foreclosure on Property.**

(c) that the foreclosure which was instituted be deemed and declared illegal and void and that further proceedings in connection with the foreclosure be enjoined; Plaintiff seeks the awarding of exemplary and punitive damages; and for any other and further relief which is just and proper.

**Claim Three: Fraud: Defendant McCurdy, Defendant U.S. Bank**

24. intentionally deleted

25. On or before June 14th, 2010 Defendant McCurdy and Defendant US Bank falsely represented on the website of the Daily Report in an ad scheduled to be published in the Daily Report 06/07/2010, 06/14/2010, 06/21/2010, and 06/28/2010 that they were Plaintiff's "Attorney in Fact", that plaintiff was indebted to Defendant US Bank, and that Plaintiff was in default of said indebtedness.

26. Plaintiff has not appointed Defendant McCurdy or Defendant US Bank as his attorney, Plaintiff is not indebted to Defendant McCurdy or Defendant US Bank, and thus cannot be in default of said indebtedness. The county records showed no evidence of any recorded indebtedness between Plaintiff and Defendant McCurdy or Defendant US Bank on June 14th, 2010.

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

27. Defendant McCurdy and Defendant US Bank are guilty of scienter with regard to this misrepresentation.  Plaintiff notified Defendant McCurdy in a "Notification of Dispute Letter" dated July 8th, 2009 sent to Defendant McCurdy and in phone calls with Defendant McCurdy employee Frank Olsen in June, 2009. Defendant McCurdy has not responded to this letter or phone call with the requested information. Thus, Defendant McCurdy had full knowledge that Plaintiff disputes this indebtedness and disputes Defendant McCurdy's right to foreclose. Defendant McCurdy and Defendant US Bank still acted and continue to act illegally based on this false representation, pursuing a Wrongful Foreclosure on or before June 14th, 2010 continuing to present.

28. Defendant McCurdy and Defendant US Bank's clear intent is to induce plaintiff to pay the alleged indebtedness to Defendant McCurdy and Defendant US Bank under threat of foreclosure sale or by means of foreclosure on Plaintiff's Property.

29. Plaintiff has justifiable relied on these statements and believes that Defendant McCurdy and Defendant US Bank will foreclose on Plaintiff's Property illegally acting as Plaintiff's attorney to collect said indebtedness.

30. As a result of Plaintiff's justifiable reliance, Plaintiff has been damaged. Plaintiff has suffered and continues to suffer emotional distress in anticipation of the impending foreclosure and eviction.  Plaintiff has been unable to work as a result and has suffered loss of income.  Plaintiff has been forced to file this action and to bear all of its expense, both financial and psychological, to protect his rights.

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

Page 15 of 37

31. Plaintiff seeks as relief

(a) Actual damages in an amount to be determined at trial, including attorneys' fees,

(b) **A temporary restraining order, preliminary injunction, and permanent injunction enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them from further prosecution of non-judicial foreclosure or judicial foreclosure on Property.**

(c) that the foreclosure which was instituted be deemed and declared illegal and void and that further proceedings in connection with the foreclosure be enjoined; Plaintiff seeks the awarding of exemplary and punitive damages; and for any other and further relief which is just and proper.

32. – 47. Intentionally deleted

**Claim Four: Violation of Fair Debt Collection Practices Act: Defendant McCurdy**

48. intentionally deleted

49. Defendant McCurdy is a "Debt Collector" as defined by 15 USC 1692f(6).

50. Defendant McCurdy violated 15 USC 1692g(a)(2) on June 14th, 2010 by its publication of a notice of foreclosure on the Daily Report website as discussed above by failing to name the creditor to whom the debt is owed.

51. Defendant McCurdy violated 15 USC 1692g(b) by failing to cease collection activities after receiving notice from Plaintiff in a "Notification of Dispute Letter"

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

Page **16** of **37**

dated July 8th, 2009 sent to Defendant McCurdy and in phone calls with Defendant McCurdy employee Frank Olsen in June, 2009.

52. Defendant McCurdy violated 15 USC 1692e by making false or misleading representations on June 14th, 2010 in its publication of notice of foreclosure on the Daily Report website as discussed above including but not limited to

    a)  falsely representing Defendant US Bank as the Creditor,

    b)  falsely representing the amount, character, and legal status of the debt, since no debt is in fact owed to Defendant US Bank

    c)  falsely representing that the action of foreclosure could legally be taken, since no power of sale has been given nor is foreclosure a remedy available to anyone other than the creditor per Georgia Law.

53. Defendant McCurdy violated 15 USC 1692e by making false or misleading representations on July 3rd , 2009 ("Initial Communication Letter") as discussed above including but not limited to:

    a)  falsely representing Defendant MERS as "creditor",

    b)  falsely representing the amount, character and legal status of the debt, since no debt is in fact owed to Defendant MERS

54. Plaintiff seeks as relief

(a) actual damages in an amount to be determined at trial, including attorneys' fees,

(b) **A temporary restraining order, preliminary injunction, and permanent injunction enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them from debt collection against Plaintiff.**

[New] First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

(c) that the foreclosure which was instituted be deemed and declared illegal and void and that further proceedings in connection with the foreclosure be enjoined; Plaintiff seeks the awarding of exemplary and punitive damages; and for any other and further relief which is just and proper.

(d) the maximum damage amount allowable under the FDCPA for each violation named herein and for each additional violation determined through discovery in this action.

**Claim Five: Violation of Fair Credit Reporting Act: Defendant Countrywide**

55. intentionally deleted

56. Defendant Countrywide violated 15 USC 1681s-2(a)(1)(A) by knowingly furnishing inaccurate information to Consumer Reporting Agency Equifax in March, 2010.

    a)    Defendant Countrywide furnished inaccurate information that the "Foreclosure Process Started" when in fact it knew it lacked standing to foreclose based upon the foregoing.

    b)    Defendant Countrywide furnished inaccurate information that the date of last payment was 2/2010. Defendant Countrywide had "reasonable cause to believe that the information is inaccurate" based on Defendants own contradictory information furnished that "Foreclosure Process Started".

57. Defendant Countrywide violated 15 USC 1681s-2(a)(3) by furnishing information to Consumer Reporting Agency Equifax in March, 2010 regarding an alleged mortgage listing Plaintiff as  indebted to Defendant Countrywide without

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

Page **18** of **37**

notice that such information was disputed by Plaintiff in a "Notification of Dispute Letter" dated July 8th, 2009 sent to Defendant Countrywide's attorney Defendant McCurdy and in phone calls with Defendant McCurdy employee Frank Olsen in June, 2009.

58. Defendant Countrywide violated 15 USC 1681s-2(a)(1)(A) by knowingly furnishing inaccurate information to Consumer Reporting Agency TransUnion in April, 2010.

     a)     Defendant Countrywide furnished inaccurate information that the "Foreclosure Proceedings Initiated" when in fact it knew it lacked standing to foreclose based upon the foregoing.

59. Defendant Countrywide violated 15 USC 1681s-2(a)(3) by furnishing information to Consumer Reporting Agency TransUnion in April, 2010 regarding an alleged mortgage listing Plaintiff as indebted to Defendant Countrywide without notice that such information was disputed by Plaintiff in a "Notification of Dispute Letter" dated July 8th, 2009 sent to Defendant Countrywide's attorney Defendant McCurdy and in phone calls with Defendant McCurdy employee Frank Olsen in June, 2009.

60. Defendant Countrywide violated 15 USC 1681s-2(a)(1)(A) by knowingly furnishing inaccurate information to Consumer Reporting Agency Experian in May, 2010.

     a)     Defendant Countrywide furnished inaccurate information that the "Foreclosure Proceedings Started" when in fact it knew it lacked standing to foreclose based upon the foregoing.

[New] First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

Page 19 of 37

61. Defendant Countrywide violated 15 USC 1681s-2(a)(3) by furnishing information to Consumer Reporting Agency Experian in May, 2010 regarding an alleged mortgage listing Plaintiff as indebted to Defendant Countrywide without notice that such information was disputed by Plaintiff in a "Notification of Dispute Letter" dated July 8th, 2009 sent to Defendant Countrywide's attorney Defendant McCurdy and in phone calls with Defendant McCurdy employee Frank Olsen in June, 2009.

61.5 Defendant Countrywide violated 15 USC 1681s-2(a)(3) by furnishing information to Consumer Reporting Agency Experian, Equifax, and TransUnion numerous times between May 10th, 2009 and Feb 7th, 2011 in addition to the instances mentioned above regarding an alleged mortgage listing Plaintiff as indebted to Defendant Countrywide without notice that such information was disputed by Plaintiff in a "Notification of Dispute Letter" dated July 8th, 2009 sent to Defendant Countrywide's attorney Defendant McCurdy and in phone calls with Defendant McCurdy employee Frank Olsen in June, 2009. The exact number of violations should be determined through Discovery and at trial.

62. Plaintiff seeks as relief

(a) actual damages in an amount to be determined at trial, including attorneys' fees,

(b) **A temporary restraining order, preliminary injunction, and permanent injunction enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them from debt collection and credit reporting against Plaintiff.**

(c) that the foreclosure which was instituted be deemed and declared illegal and void and that further proceedings in connection with the foreclosure be enjoined;

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

Plaintiff seeks the awarding of exemplary and punitive damages; and for any other and further relief which is just and proper.

(d) the maximum damage amount allowable under the FCRA for each violation named herein and for each additional violation determined through discovery in this action.

(e) removal of all negative or derogatory information from Plaintiff's credit report or instructions to all major credit agencies to remove said information.

**Claim Six: Slander of Title: Defendant US Bank and McCurdy**

63. intentionally deleted

64. Under O.C.G.A. § 51-9-11, "The owner of any estate in lands may bring an action for libelous or slanderous words which falsely and maliciously impugn his title if any damage accrues to him therefrom."

65. On or before June 11th, 2010 Defendant McCurdy and Defendant US Bank falsely represented on the website of the Daily Report in an ad scheduled to be published in the Daily Report 06/07/2010, 06/14/2010, and 06/21/2010 that they were Plaintiff's "Attorney in Fact", that plaintiff was indebted to Defendant US Bank, that Plaintiff was in default of said indebtedness, and that Defendant McCurdy and Defendant US Bank intend to foreclose on Plaintiff's Property pursuant to a power of sale and thereby steal title from Plaintiff.

66. Plaintiff has not appointed Defendant McCurdy nor Defendant US Bank as his attorney, Plaintiff is not indebted to Defendant McCurdy nor Defendant US Bank,

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

Page **21** of **37**

and thus cannot be in default of said indebtedness. The county records show no evidence of any recorded indebtedness between Plaintiff and Defendant McCurdy or Defendant US Bank, nor do they show either possessing a power of sale.

67. Defendant McCurdy and Defendant US Bank have maliciously made these false representations.  Plaintiff notified Defendant McCurdy in a "Notification of Dispute Letter" dated July 8th, 2009 sent to Defendant McCurdy and in phone calls with Defendant McCurdy employee Frank Olsen in June, 2009. Defendant McCurdy has not responded to this letter or phone call with the requested information.  Thus, Defendant McCurdy had full knowledge that Plaintiff disputes this indebtedness and disputes Defendant McCurdy's right to foreclose.

67.1 Defendants McCurdy and US Bank knew they lacked standing to foreclose, because Defendant McCurdy represents Defendant MERS and alleged previously that MERS held the security deed .   Defendants McCurdy attempted to circumvent Georgia Code Section 44-14-162 (quoted above) which requires that only a creditor may foreclose by initiating a foreclosure on Plaintiff's Property in the name of Defendant US Bank on or before June 14th, 2010 when Plaintiff discovered a foreclosure notice on the website of the Fulton County Daily Report.

67.2 Plaintiff filed the Complaint in the present case June 25th, 2010 alleging Defendant US Bank was not the creditor and as a result had no right to foreclose on Plaintiff's Property.

67.3 In response to Plaintiff's Complaint, Jessica Price who is an attorney at Defendant McCurdy & Candler, LLC and simultaneously alleges to be Vice President of Defendant MERS executed an alleged "Assignment of Note and Security Deed" dated June 28th, 2010.

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

67.4 J. Michael Dugan who is an attorney and partner at Defendant McCurdy & Candler, LLC and simultaneously alleges to be Vice President of Defendant MERS, also executed an alleged "Assignment of Note and Security Deed" dated June 28th, 2010.

67.5 This alleged "Assignment of Note and Security Deed" dated June 28th, 2010 which is alleged to have been recorded July 1st, 2010 is void.

67.6   Defendant MERS does not possess or own a Note to Plaintiff's Property, and therefore cannot transfer that which it does not own. The note and deed to the Property have been transferred multiple times to multiple entities. MERS is attempting to conceal the chain of title.

67.7 Plaintiff is not indebted to Defendant MERS, and therefore Defendant MERS cannot transfer or assign Plaintiff's alleged indebtedness.

67.8 J. Michael Dugan and Jessica Price do not have authority to execute an assignment of note and Security Deed on behalf of MERS. The rules of the state bar of Georgia do not allow an attorney and/or firm to simultaneously represent the transferor and the transferee in this transaction. Plaintiff hereby alleges that J. Michael Dugan and Jessica Price are representing MERS and US Bank in this transaction. J. Michael Dugan and Jessica Price are not employees or vice presidents of MERS and do not have authority to execute the assignment. Thus, the assignment is not properly executed and is void.

67.9 intentionally deleted

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

68.  As a result of Defendant US Bank's attempted foreclosure in association with Defendant McCurdy on or around June 14th, 2010, Plaintiff has been damaged. Plaintiff has suffered and continues to suffer emotional distress in anticipation of the impending foreclosure and eviction.  Plaintiff has been unable to work as a result and has suffered loss of income and other damages described herein. Plaintiff has been forced to file this action and to bear all of its expense, both financial and psychological, to protect his rights.

69. Plaintiff is listed in the county records as the owner of the Property at 1861 Defoor Ave. NW, Atlanta, GA 30318.

70. Plaintiff seeks as relief

(a) actual damages in an amount to be determined at trial, including attorneys' fees,

(b) **a temporary restraining order, preliminary injunction, and permanent injunction enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them from further prosecution of non-judicial foreclosure or judicial foreclosure on Property.**

(c) that the foreclosure which was instituted be deemed and declared illegal and void and that further proceedings in connection with the foreclosure be enjoined; Plaintiff seeks the awarding of exemplary and punitive damages; and for any other and further relief which is just and proper.

**Claim Seven: Civil Libel: Defendant US Bank and Defendant McCurdy**

71. intentionally deleted

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

72. OCGA 51-5-1 states:

    (a) A libel is a false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule.

    (b) The publication of the libelous matter is essential to recovery.

73. On or before June 14th, 2010 Defendant McCurdy and Defendant US Bank falsely represented on the website of the Daily Report in an ad scheduled to be published in the Daily Report 06/07/2010, 06/14/2010, and 06/21/2010, that they were Plaintiff's "Attorney in Fact", that plaintiff was indebted to Defendant US Bank, that Plaintiff was in default of said indebtedness, and that Defendant McCurdy and Defendant US Bank intend to foreclose on Plaintiff's Property pursuant to a power of sale and thereby steal title from Plaintiff.

74. Plaintiff has not appointed Defendant McCurdy nor Defendant US Bank as his attorney, Plaintiff is not indebted to Defendant McCurdy or Defendant US Bank, and thus cannot be in default of said indebtedness. The county records show no evidence of any recorded indebtedness between Plaintiff and Defendant McCurdy or Defendant US Bank, nor do they show either possessing a power of sale as of June 14th, 2010.

75. Defendant McCurdy and Defendant US Bank have maliciously made these false representations. Plaintiff notified Defendant McCurdy in a "Notification of Dispute Letter" dated July 8th, 2009 sent to Defendant McCurdy and in phone calls with Defendant McCurdy employee Frank Olsen in June, 2009. Defendant McCurdy has not responded to this letter or phone call with the requested information. Thus, Defendant McCurdy had full knowledge that Plaintiff disputes

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

Page 25 of 37

this indebtedness and disputes Defendant McCurdy's right to foreclose. Instead of verifying the alleged indebtedness, Defendant McCurdy and Defendant US Bank maliciously attempted to switch the alleged creditor in their foreclosure attempt from Defendant MERS to Defendant US Bank. Defendant McCurdy and Defendant US Bank continue to act illegally based on this false representation, pursuing a Wrongful Foreclosure against Plaintiff and Plaintiff's Property.

76. As a result of Defendant McCurdy's attempted foreclosures in July and August, 2009 and on or around June 14th, 2010 and Defendant US Bank's attempted foreclosure in association with Defendant McCurdy on or around June 14th, 2010, Plaintiff has been damaged. Plaintiff has suffered and continues to suffer emotional distress in anticipation of the impending foreclosure and eviction. Plaintiff has been unable to work as a result and has suffered loss of income. Plaintiff has been forced to file this action and to bear all of its expense, both financial and psychological, to protect his rights. As a result of publication Plaintiff has suffered public embarrassment, public hatred, contempt, and ridicule and Plaintiff's reputation has been irreparably harmed. In addition, both personal and professional relationships have been strained or destroyed.

77. Plaintiff is listed in the county records as the owner of the Property at 1861 Defoor Ave. NW, Atlanta, GA 30318.

78. Plaintiff seeks as relief
(a) actual damages in an amount to be determined at trial, including attorneys' fees,
(b) **a temporary restraining order, preliminary injunction, and permanent injunction enjoining Defendants and their agents, servants, and employees,**

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

and all persons acting under, in concert with, or for them from further prosecution of non-judicial foreclosure or judicial foreclosure on Property.

(c) that the foreclosure which was instituted be deemed and declared illegal and void and that further proceedings in connection with the foreclosure be enjoined; Plaintiff seeks the awarding of exemplary and punitive damages; and for any other and further relief which is just and proper.

**Claim Eight: Civil Conspiracy:**
**Defendants McCurdy, U.S. Bank, MERS, and Countrywide**

79. intentionally deleted

80. Defendants McCurdy, US Bank, MERS, and Countrywide conspired together to form a Civil Conspiracy.

81. (Purpose) The Conspirator's purpose is to collect an unlawful debt from Plaintiff through the use of fraud, intentional nondisclosure, material misrepresentation, slander, and libel.

82. (Relationships) Direct relationships exist among those associated with the Enterprise. Defendant McCurdy is a law firm that represents Defendant US Bank, Defendant MERS, and Defendant Countrywide in foreclosure and debt collection activities in general and specifically in the wrongful attempts to foreclose on Plaintiff's Property described herein. Defendant MERS operates a Mortgage Electronic Registration System utilized by Defendant US Bank, Defendant MERS, and Defendant Countrywide in foreclosure and debt collection activities in general

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

Page 27 of 37

and specifically in the wrongful attempts to foreclose on Plaintiff's Property described herein.

83. (longevity) The Enterprise existed during to the the attempted wrongful foreclosure in July and August of 2009 and continues to operate as it is responsible for the current foreclosure action against Plaintiff by Defendants McCurdy and US Bank initiated in June, 2010.

84. (interstate commerce) As described by 18 U.S.C. Sections 1962 (c) The "Enterprise" affected interstate commerce though the use of Mail Fraud, Wire Fraud, Bank Fraud, and Extortion (Hobbs Act).

85. (mail fraud) The fraudulent July 3rd, 2009 "Debt Collection Letter" to Plaintiff from Defendant McCurdy described above constitutes Mail Fraud.

86. (wire fraud) The fraudulent statements submitted by Defendant McCurdy and Defendant US Bank and posted to the Daily Report website on approximately June 6th, 2010 as described above constitute wire fraud.

87. (bank fraud) Defendant McCurdy and Defendant MERS "Debt Collection Letter" dated July 3rd, 2009 constituted and attempted bank fraud designed to illegally obtain funds under the custody and control of a banking institution in accounts held by Plaintiff at Bank of America, Wells Fargo, and E-trade banks.

88. (extortion) Fraudulent statements submitted by Defendant McCurdy and Defendant US Bank and posted to the Daily Report website on approximately June 6th, 2010 as described above constituted extortion or attempted extortion in that Defendants have misrepresented their power of sale and power of attorney to

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

Page 28 of 37

institute an illegal non-judicial foreclosure depriving Plaintiff of due process and thereby threaten to harm Plaintiff's Property should Plaintiff fail to pay Defendants a lump sum of $306,000 and/or a stream of monthly payments.

89. (operation and management) Defendants McCurdy, US Bank, MERS, and Countrywide conduct and directly participate in the operation and management of the Enterprise. An example is The "Debt Collection Letter" dated July 3rd, 2009 described above  initiated by Defendant McCurdy and Defendant MERS.  Another example is the fraudulent statements submitted by Defendant McCurdy and Defendant US Bank and posted to the Daily Report website on approximately June 6th, 2010 as described above.  Defendant McCurdy's decision to alter their foreclosure strategy from the July 3rd , 2009 "Debt Collection Letter" by changing the creditor listed therein (MERS) to a new creditor (US Bank) listed in their submission to the Daily Report website on approximately June 6th, 2010 as described above demonstrates a level of calculation and control in excess of a simple attorney-client relationship and creates liability in Defendant McCurdy. Defendant Countrywide furnished negative credit information to Equifax in March, 2010 as part of the Enterprise's attempt to extort payments from or foreclose on Plaintiff's Property.  Plaintiff was directed by the July 3rd , 2009 "Debt Collection Letter" to contact Defendant Countrywide who was therein described as "the entity who has full authority to discuss, negotiate, or change all terms of the mortgage". Plaintiff contacted Defendant Countrywide representatives who gave Plaintiff updates on status of foreclosure and were able to postpone foreclosure based on negotiations with Plaintiff demonstrating a level of control, operation, and management of the Enterprise.

90. (pattern of racketeering activity) The Enterprise engaged in a pattern of racketeering activity including but not limited to the mail fraud, wire fraud, bank

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

Page **29** of **37**

fraud, and extortion discussed above all with the intent to steal Plaintiff's property or steal a continuous stream of illegal payments (so called "mortgage payments") from Plaintiff.

91. (injury) Plaintiff has been directly injured by the Enterprise including but not limited to emotional distress, court costs, irreparable damage to reputation, damage to credit, loss of income, and relocation expenses. Plaintiff assumed and continues to assume foreclosure by the Enterprise is imminent without judicial intervention. This ongoing threat of foreclosure has caused Plaintiff's emotional distress, rendering Plaintiff unable to work.  Plaintiff has been forced to relocate his business due to the uncertainty surrounding his ongoing ability to operate said business at Property based on impending foreclosure. Publication of foreclosure notice has subjected Plaintiff to public embarrassment and humiliation causing irreparable damage to personal and business relationships.

92. Plaintiff seeks as relief
(a) actual damages in an amount to be determined at trial, including attorneys' fees,
(b) **A temporary restraining order, preliminary injunction, and permanent injunction enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them from further prosecution of non-judicial foreclosure or judicial foreclosure on Property.**

(c) that the foreclosure which was instituted be deemed and declared illegal and void and that further proceedings in connection with the foreclosure be enjoined; Plaintiff seeks the awarding of exemplary and punitive damages; and for any other and further relief which is just and proper.

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

Page 30 of 37

**CLAIM TEN: ATTEMPTED WRONGFUL FORECLOSURE: McCurdy, MERS, Countrywide**

93 . On July 3rd , 2009 Defendant McCurdy acting as counsel for Defendant MERS mailed an "Initial Communication Letter" and "Notice of Foreclosure Sale Letter" stating its intent to foreclose on Plaintiff's Property with foreclosure sale to be held on August 4th, 2009.  This letter also referred to Defendant Countrywide as the "Servicer".

94. This attempted foreclosure by Defendant McCurdy, Defendant MERS, and Defendant Countrywide was in violation of Article 7 of Chapter 14 of Title 44 of the Official Code of Georgia Annotated above constituting attempted Wrongful Foreclosure.

95. The Code specifies the required content of foreclosure notices, stating:

> "Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor"
>
> OCGA 44-14-162.2.

96. Notice was not properly given to Plaintiff by Defendants MERS, McCurdy, & Countrywide as required by OCGA 44-14-162.2.  The notice of foreclosure identified Jill Balentine of Countrywide Home Loans at 888-219-7773 as the "entity who has full authority to discuss, negotiate, or change all terms of the mortgage".

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

Page **31** of **37**

97. Plaintiff conducted a search of the public records June 16th, 2010 and found there were no records indicating Defendant McCurdy or Defendant Countrywide were the current owner or previous holder of a mortgage on Property.

98. OCGA 44-14-64 states:

(a) All transfers of deeds to secure debt shall be in writing; shall be signed by the grantee or, if the deed has been previously transferred, by the last transferee; and shall be witnessed as required for deeds.

99. MERS describes itself on its website http://www.mersinc.org/about/index.aspx as:

"About MERS

MERS was created by the mortgage banking industry to streamline the mortgage process by using electronic commerce to eliminate paper. Our mission is to register every mortgage loan in the United States on the MERS® System.
Beneficiaries of MERS include mortgage originators, servicers, warehouse lenders, wholesale lenders, retail lenders, document custodians, settlement agents, title companies, insurers, investors, county recorders and consumers.

MERS acts as nominee in the county land records for the lender and servicer. Any loan registered on the MERS® System is inoculated against future assignments because MERS remains the nominal mortgagee no matter how many times servicing is traded."

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

Page 32 of 37

100. Thus by MERS own definition, no written transfer existed on July 3rd, 2009 that would have given Defendants Countrywide and McCurdy the requisite authority to discuss, negotiate or change all terms of the mortgage as indicated in the July 3rd, 2009 Notice of Foreclosure Letter.

101.  MERS own corporate rules do not allow it to "negotiate, amend, and modify" terms of the mortgage, thus no document or contract can confer those powers to MERS.   MERS therefore did not and cannot comply with the notice requirement of  OCGA 44-14-162.2.

101.1  Defendants MERS and McCurdy owed Plaintiff a duty in acting as Plaintiff's attorney-in-fact as stated in the July 3rd, 2009 Notice of Foreclosure Letter.

101.2. Defendants MERS and McCurdy owed Plaintiff a duty in acting as alleged mortgagee pursuant to OCGA 23-2-114 which states, "Powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised."

101.3 Defendants MERS and McCurdy breached their duty to Plaintiff by intentionally failing to list an entity with whom Plaintiff could negotiate with as required by OCGA 44-14-162.2. Thus Defendants sought to prevent any negotiation or modification and preserve their own maximum financial benefit with a predetermined outcome of foreclosure.

102.  Plaintiff has suffered and continues to suffer irreparable harm including but not limited to emotional distress from the ordeal of the attempted foreclosure and eviction.  Plaintiff has been unable to work as a result and has suffered loss of

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

Page 33 of 37

income.  Plaintiff's personal and professional relationships and reputation have been irreparably harmed. Plaintiff has been forced to file this action and to bear all of its expense, both financial and psychological, to protect his rights.

103. Plaintiff is listed in the county records as the owner of the Property at 1861 Defoor Ave. NW, Atlanta, GA 30318.

104.Plaintiff seeks as relief actual damages in an amount not yet quantified but to be proven at trial and such other amounts to be proven at trial; for costs and attorneys' fees; that the Court find that the transactions the subject of this action are illegal and are deemed void; that the foreclosure which was instituted be deemed and declared illegal and void and that further proceedings in connection with the foreclosure be enjoined; Plaintiff seeks the awarding of exemplary and punitive damages; and for any other and further relief which is just and proper.

105-111. intentionally deleted

**RELIEF SOUGHT**

112. WHEREFORE, having set forth the above-described legally sufficient causes of actions against the Defendants, Plaintiff prays for the entry of Final Judgment against Defendants; for damages in an amount not yet quantified but to be proven at trial and such other amounts to be proven at trial; for costs and attorneys' fees; that the Court find that the transactions the subject of this action are illegal and are deemed void; that the foreclosures which were instituted be deemed and declared illegal and void and that further proceedings in connection with the foreclosure be enjoined; Plaintiff seeks the awarding of exemplary and punitive damages; and for any other and further relief which is just and proper.

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

**RELIEF SOUGHT**

112. WHEREFORE, having set forth the above-described legally sufficient causes of actions against the Defendants, Plaintiff prays for the entry of Final Judgment against Defendants; for damages in an amount not yet quantified but to be proven at trial and such other amounts to be proven at trial; for costs and attorneys' fees; that the Court find that the transactions the subject of this action are illegal and are deemed void; that the foreclosures which were instituted be deemed and declared illegal and void and that further proceedings in connection with the foreclosure be enjoined; Plaintiff seeks the awarding of exemplary and punitive damages; and for any other and further relief which is just and proper.

**DEMAND FOR JURY TRIAL**

113. Plaintiff demands trial by jury of all matters so triable as a matter of right. Respectfully submitted,

**VERIFICATION**

114. I, Bosco Kante, am the Plaintiff in the above-entitled action. I have read the foregoing and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 2/8/11                    _____
                                   Bosco A. Kante

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

## CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 7.1D

The undersigned hereby certifies that the foregoing has been prepared using one of the font and point selections approved in LR NDGa 5.1.

This 8th   Day of February, 2011.

_____

Bosco A. Kante, Plaintiff, Pro Se


## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing [New] FIRST AMENDED COMPLAINT on Defendants, by causing a copy of the same to be deposited in the United States mail, first class postage prepaid and properly addressed to Defendant as follows:


Lawrence J. Bracken II
Charlotte M. Ritz
Cherie A. Phears
HUNTON & WILLIAMS LLP
Bank of America Plaza, Suite 4100
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216

*Counsel for Defendants U.S. Bank National Association, Mortgage Electronic Registration Systems, Inc. and Bank of America Home Loans Servicing, LP*

[New]First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)

1

2

3
John D. Andrle
MCCURDY AND CANDLER, L.L.C.

4
250 E. Ponce de Leon Ave. Suite 600

5
Decatur, Georgia 30030
*Counsel for Defendants McCurdy & Candler, LLC*

6

7
**This 8th   Day of February, 2011.**

8

9

10
Bosco A. Kante, Plaintiff, Pro Se

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[New] First Amended COMPLAINT (Bosco A. Kante vs. McCurdy)