Bosco A. Kante, Pro Se
2281069 Metavante Way
Sioux Falls, SD 57186
323-481-7372 (Phone)
323-417-4874 (FAX)
boscokante@gmail.com

Plaintiff

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 10 2011

JAMES N. HATTEN, CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Bosco A. Kante, Pro Se,<br><br>Plaintiff,<br><br>McCurdy & Candler L.L.C., U.S. Bank National Association as Trustee for the Certificateholders of Banc of America Funding Trust 2007-6, Mortgage Electronic Registration Systems Inc., and Bank of America Home Loans Servicing, L.P. *formerly known as Countrywide Home Loans Servicing, L.P.*<br><br>Defendants | Case No. **1:10-cv-01972-JEC**<br><br>PLAINTIFF'S OBJECTIONS TO [DOC 76] REPORT AND RECOMMENDATIONS |

## <u>PLAINTIFF'S OBJECTIONS TO [DOC 76] REPORT AND RECOMMENDATIONS</u>

OBJECTIONS TO [DOC 76] R&R (Kante vs. McCurdy)

Page 1 of 5

## OBJECTION #1: TRO IN MORGAN WAS GRANTED BASED ON NEARLY IDENTICAL CIRCUMSTANCES.

In *Morgan* the court granted a temporary restraining order based on the issue of defective notice (see below), an issue that was also plead in the instant motion. The Report and Recommendation fails to address this issue [Doc 76,p3].

> "It appears that there is sufficient likelihood of success on the merit with respect to the Plaintiffs claim of defective notice with respect to the foreclosure proceeding to grant the relief requested temporarily. The Plaintiffs Motion for Temporary Restraining Order and Preliminary Injunction is GRANTED" *Morgan v. Ocwen Loan Servicing*, LLC, No. 1:10-cv-3555-AT (N.D.Ga. Nov 8, 2010, (at Doc 8, p1)),

## OBJECTION #2: MERS CANNOT ASSIGN THE NOTE

The Report and Recommendation merely cites its previous opinion regarding whether MERS had the authority to assign the Note [Doc 76, p3] citing [Doc 30, at 28, 29], without resolving or explaining the conflict between this opinion and the well reasoned and fully supported opinion in *Morgan*.

> Defendants cite O.C.G.A. § 44-14-64 and Redwine v. Frizzell, 190 S.E. 789 (Ga. 1937) to support their argument that the purported assignment of the security deed also transferred the promissory note. However, this statute and Redwine were authored at a time when the promissory note and the security deed where not commonly separated. Neither support the proposition that a party who has never held the promissory note (MERS) could transfer it by

OBJECTIONS TO [DOC 76] R&R (Kante vs. McCurdy)

Page **2** of **5**

an assignment of the security deed. – *Morgan v. Ocwen Loan Servicing, LLC*, No. 1:10-cv-3555-AT (N.D.Ga. July 7, 2011),

Plaintiff prays that in the interest of justice this court would follow *Morgan* or explain in a *detailed* manner why it does not follow the *Morgan* decision. Simply stating that the court will rely on its previously flawed decision without analysis disrespects Judge Totenberg and the judicial system in general. Furthermore, a detailed and well reasoned opinion would serve to create some sense certainty in the outcome of this litigation for all parties and would be a positive step toward a resolution.

## **CONCLUSION**

Based on the foregoing, and the Courts full and careful consideration of the record, Plaintiff hereby request that this Court enter a preliminary injunction or order temporarily restraining Defendants McCurdy & Candler, LLC and Defendant US Bank specifically and all Defendants in general from completing the foreclosure on Plaintiff's Property.

Plaintiff prays that any objection to this motion be held to strict Federal standards of evidence so that Plaintiff is not denied his Constitutional right to due process by the court allowing Defendants to present unsubstantiated hearsay and outright fabrications as is common practice of Defendants in foreclosures.

Dated this **8th Day of November 2011**.

OBJECTIONS TO [DOC 76] R&R (Kante vs. McCurdy)

Page 3 of 5

## VERIFICATION

I, Bosco Kante, am the Plaintiff in the above-entitled action. I have read the foregoing and know the contents thereof. The same is true of my own knowledge, except as to those matters that are therein alleged on information and belief, and as to those matters, I believe them to be true. I declare under penalty of perjury that the foregoing is true and correct.

DATED: 11/8/11

Bosco A. Kante

## CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 7.1D

The undersigned hereby certifies that the foregoing has been prepared using one of the font and point selections approved in LR NDGa 5.1.

This 8th Day of November 2011.

Bosco A. Kante, Plaintiff, Pro Se

OBJECTIONS TO [DOC 76] R&R (Kante vs. McCurdy)

Page 4 of 5

# CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing PLAINTIFF'S OBJECTIONS TO [DOC 76] REPORT AND RECOMMENDATIONS on Defendants, by causing a copy of the same to be deposited in the United States mail, postage prepaid and properly addressed to Defendant as follows:

Lawrence J. Bracken II
Charlotte M. Ritz
Cherie A. Phears
HUNTON & WILLIAMS LLP
Bank of America Plaza, Suite 4100
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216

***Counsel for Defendants U.S. Bank National Association, Mortgage Electronic Registration Systems, Inc. and Bank of America Home Loans Servicing, LP***

John D. Andrle
MCCURDY AND CANDLER, L.L.C.
250 E. Ponce de Leon Ave. Suite 600
Decatur, Georgia 30030
***Counsel for Defendants McCurdy & Candler, LLC***

This 8th Day of November 2011.

_____
Bosco A. Kante, Plaintiff, Pro Se

OBJECTIONS TO [DOC 76] R&R (Kante vs. McCurdy)

Page 5 of 5