# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **BOSCO A. KANTE, pro se,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION |
| **MCCURDY & CANDLER L. L. C.,** ) | |
| **U.S. BANK NATIONAL** ) | NO. 1:10-CV-1972-JEC |
| **ASSOCIATION as Trustee for the** ) | |
| **Certificate Holders of Banc of America** ) | |
| **Funding Trust 2007-7, MORTGAGE** ) | |
| **ELECTRONIC REGISTRATION** ) | |
| **SYSTEMS INC. and BANK OF** ) | |
| **AMERICA HOME LOANS** ) | |
| **SERVICING, L.P. formerly known as** ) | |
| **Countrywide Home Loans Servicing,** ) | |
| **L.P.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE FORECLOSURE

### I. INTRODUCTION

Plaintiff's Motion to Set Aside Foreclosure (the "Motion") [Doc. 90] should be denied. Plaintiff's pending appeal of this Court's November 21, 2011 Order denying Plaintiff's motion to enjoin the foreclosure of the subject property divests the Court of jurisdiction to rule on the Motion. Even if the Court were not divested

of jurisdiction, Plaintiff's Motion fails as a matter of law because Plaintiff has not paid or tendered payment of the full amount due on the loan at issue, which is a *prerequisite* to an equitable action to set aside a foreclosure.

## II.  PROCEDURAL BACKGROUND

On October 19, 2011, Plaintiff filed an "emergency" motion for a temporary restraining order, preliminary injunction and permanent injunction in an attempt to prevent the foreclosure of the subject property (the "Property"), which was scheduled to take place on November 1, 2011 (the "Third TRO Motion").[1]  See Doc. 74.  Defendants U.S. Bank National Association, Mortgage Electronic Registration Systems, Inc. and Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP (collectively, "Defendants") filed a brief in opposition to Plaintiff's Third TRO Motion on October 31, 2011.  See Doc. 75.  Also on October 31, 2011, Magistrate Judge Scofield entered a Report and Recommendation (the "R&R"), finding that "Plaintiff has not carried his preliminary burden of demonstrating a substantial likelihood of success on the merits" and recommending that Plaintiff's Third TRO Motion be denied.  See Doc. 76 at 3.  Plaintiff filed objections to the R&R on November 10, 2011.  See Doc. 77.

---

[1]  This was the third such motion that Plaintiff has filed in this action.  See Doc. 3 and 10.

On November 21, 2011, District Judge Carnes entered an Order (the "November 2011 Order") adopting the "well-founded" R&R and denying Plaintiff's Third TRO Motion. See Doc. 78 at 1. On December 19, 2011, Plaintiff filed a Notice of Appeal to the Eleventh Circuit Court of Appeals of the November 2011 Order (the "Notice of Appeal") and an application to proceed with the appeal *in forma pauperis*. See Doc. 79 and 80.[2]

The foreclosure that was scheduled to take place on November 1, 2011 was postponed and re-scheduled for January 3, 2012. On December 22, 2011, Plaintiff filed his *fourth* "emergency" motion for temporary restraining order, preliminary injunction and permanent injunction in yet another frivolous attempt to prevent Defendants from conducting the foreclosure on January 3, 2012 (the "Fourth TRO Motion"). See Doc. 83. On December 30, 2011, Magistrate Judge Scofield entered a Report and Recommendation, again concluding that "Plaintiff has not shown a substantial likelihood of success on the merits" and recommending that Plaintiff's Fourth TRO Motion be denied. See Doc. 84 at 2. The foreclosure of the

---

[2]   On January 4, 2012, the Court entered an Order denying Plaintiff's application to appeal *in forma pauperis* on the grounds that "Plaintiff has not shown a substantial likelihood of success in his underlying litigation." See Doc. 87 at 1.

3

Property took place on January 3, 2012 as scheduled.[3]  On January 4, 2012, Plaintiff's appeal of the November 2011 Order denying his Third TRO Motion was docketed in the Eleventh Circuit.  See Doc. 89 at 2.  Despite the pendency of that appeal, Plaintiff filed the Motion in this Court on January 11, 2012, seeking to set aside the January 3, 2012 foreclosure  See Doc. 90.

### III.   ARGUMENT

**A.   This Court Lacks Jurisdiction to Consider Plaintiff's Motion**

It is well-settled that "'[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'"  United States v. Tovar-Rico, 61 F.3d 1529, 1532 (11th Cir. 1995) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam)).  Although Plaintiff's Notice of Appeal does not set forth the jurisdictional basis for the Eleventh Circuit to review the November 2011 Order, there is no question that courts of appeal have jurisdiction to review "[i]nterlocutory orders of the district courts of the United States . . . granting,

---

[3]   On January 3, 2012, *the day of the foreclosure*, Plaintiff filed *two* additional (identical) motions for temporary restraining order and preliminary and permanent injunction.  See Doc. 85 and 86.  Those motions are moot, as the foreclosure did in fact proceed on January 3, 2012.

4

continuing, modifying, *refusing* or dissolving injunctions. . . ." 28 U.S.C. § 1292(a)(1) (emphasis added). Because the November 2011 Order denied Plaintiff's request for preliminary and permanent injunctive relief in respect to the foreclosure of the Property, the Eleventh Circuit has jurisdiction to review that Order pursuant to 28 U.S.C. § 1292(a)(1). See Doc. 78; see also Cable Holdings of Battlefield, Inc. v. Cooke, 764 F.2d 1466, 1471 (11th Cir. 1985) (holding that 28 U.S.C. § 1292(a)(1) confers jurisdiction to review a district court's order denying a motion for preliminary injunction).

> The Eleventh Circuit has made clear that:
>
> 'When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case. A district court does not have the power to alter the status of the case as it rests before the Court of Appeals.'

Green Leaf Nursery v. E.I. DuPont De Nemours and Co., 341 F.3d 1292, 1309 (11th Cir. 2003) (quoting Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co., 906 F.2d 1059, 1063 (5th Cir. 1990)); see also Tovar-Rico, 61 F.3d at 1532 (noting that this principle "serves to avoid the confusion and waste of time that would result from dual jurisdiction"). It is undisputed that Plaintiff's Motion involves a matter that is directly at issue in the appeal that is pending before the Eleventh Circuit – i.e., the propriety of the foreclosure of the Property. Accordingly, Defendants

respectfully submit that this Court lacks jurisdiction to consider Plaintiff's Motion. See Tovar-Rico, 61 F.3d at 1532; Green Leaf, 341 F.3d at 1309.

**B.     Plaintiff's Request to Set Aside the Foreclosure Fails as a Matter of Law**

Even if this Court had jurisdiction to consider the Motion, Plaintiff's request to set aside the foreclosure fails as a matter of law.  Under Georgia law, setting aside the foreclosure of real property is an equitable remedy.  Hill v. Filsoof, 274 Ga. App. 474, 475, 618 S.E. 2d 12, 14 (2005).  It is well-settled that "[h]e who would have equity must do equity and must give effect to all equitable rights of the other party respecting the subject matter of the action." O.C.G.A. § 23-1-10.  The Georgia Supreme Court has recognized that this "favorite maxim of equity . . . . applies to all types of cases."  Taylor, Bean & Whitaker Mtg. Corp. v. Brown, 276 Ga. 848, 849-50, 583 S.E. 2d 844, 846 (2003).  Accordingly, in the context of an action to set aside a foreclosure, Georgia courts have held that "[b]efore one who has given a deed to secure his debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed, and injunction to prevent interference with the debtor's possession of the property conveyed by the deed, *he must pay or tender to the creditor the amount of principal and interest due*." Hill, 274 Ga. App. at 475, 618 S.E.2d at 14 (quoting Coile v. Finance Co. of America, 221 Ga. 584, 585, 146 S.E.2d 304, 305 (1965) (emphasis added)); see also Brown,

6

276 Ga. at 849-50, 583 S.E. 2d at 846 ("equity will not decree the cancellation of an instrument where anything of value has been received until repayment is either made or tendered, or the defendant has stated that, should a tender be made, it would be refused") (citation omitted).

It is undisputed that Plaintiff has not paid or tendered payment of the outstanding amount due on the promissory note that is secured by the Property. Plaintiff does not allege in the Motion that he has made any such payment or tender of payment, nor does he dispute his default on the subject loan, which ultimately led to the foreclosure. See Motion, generally. Georgia law is clear that payment of the total indebtedness due on the loan at issue is "a *prerequisite* to [Plaintiff's] action to set aside the foreclosure sale." Hill, 274 Ga. App. at 475, 618 S.E. 2d at 14 (emphasis added). Notably, "[n]either fraud nor poverty constitute an equitable excuse for failure to tender." Id. at 476, 618 S.E. 2d at 14. Simply stated, Plaintiff's failure to pay or tender payment of the indebtedness owed on loan is fatal to his equitable request to set aside the foreclosure of the Property.[4]

---

[4] Curiously, Plaintiff's Motion also requests that the Court "enter a preliminary injunction or order temporarily restraining Defendants McCurdy & Candler LLC and Defendant US Bank specifically and all Defendants in general from *completing* the foreclosure on Plaintiff's Property." See Motion at 5 (emphasis added). As previously noted, the Property was sold at a foreclosure sale on January 3, 2012. Accordingly, Plaintiff's request to "restrain" Defendants from "completing" the foreclosure is moot. Plaintiff's further request to enjoin "any

7

See id. at 476, 618 S.E.2d at 15; see also Keith v. Yarbrough, 231 Ga. 770, 772, 204 S.E. 2d 111, 113 (1974) (affirming trial court's order granting lender's motion for summary judgment where borrower seeking to set aside and cancel a deed under a foreclosure sale failed to tender the outstanding principal and interest owed).

## IV.  CONCLUSION

For the reasons set forth herein, Plaintiff's Motion should be dismissed for lack of jurisdiction.  Even if the Court had jurisdiction to consider the Motion, Plaintiff's request to set aside the foreclosure (and enjoin dispossession) must be denied because Plaintiff has not paid or tendered payment of the indebtedness due on the loan at issue.

[SIGNATURE ON NEXT PAGE]

---

dispossessory action" also fails as a matter of law.  See Hill, 274 Ga. App. at 475, 618 S.E.2d at 14 (holding that payment or tender of payment of the indebtedness also is a prerequisite to an "injunction to prevent interference with the debtor's possession of the property conveyed by the deed") (citation omitted).

Respectfully submitted, this 26th day of January 2012.

/s/ Brooke F. Voelzke
Lawrence J. Bracken II
Georgia Bar No. 073750
lbracken@hunton.com
Brooke F. Voelzke
Georgia Bar No. 728727
bvoelzke@hunton.com

HUNTON & WILLIAMS LLP
Bank of America Plaza, Suite 4100
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2216
Telephone:  (404) 888-4000
Facsimile:   (404) 888-4190

*Counsel for Defendants U.S. Bank National Association, Mortgage Electronic Registration Systems, Inc. and Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP*

**CERTIFICATE OF COMPLIANCE PURSUANT TO LR 7.1D, NDGa.**

The undersigned counsel hereby certifies that the foregoing has been prepared using one of the font and point selections approved in LR 5.1, NDGa.

This 26th day of January 2012.

/s/ Brooke F. Voelzke
Brooke F. Voelzke
Georgia Bar No. 728727

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE FORECLOSURE** on Plaintiff, who is proceeding pro se, by causing a copy of the same to be deposited in the United States mail, first class postage prepaid and properly addressed to Plaintiff as follows:

> Mr. Bosco A. Kante
> 2281069 Metavante Way
> Sioux Falls, South Dakota  57186

Counsel for McCurdy & Candler, L.L.C. has been served via electronic notification by the CM/ECF system.

This 26th day of January 2012.

/s/ Brooke F. Voelzke
Brooke F. Voelzke
Georgia Bar No. 728727